UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA YAMAN, on behalf of herself and minors KY and EY,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF STATE, et al.,<br><br>      Defendants. | Civil Action No. 10-0537 (JDB) |

## MEMORANDUM OPINION & ORDER

Linda Yaman, a dual citizen of the United States and Turkey, applied for United States passports for her two minor daughters, also dual American and Turkish citizens. After an extended administrative process, the State Department held a hearing to review Ms. Yaman's passport applications. Following the hearing, the hearing officer prepared written findings of fact and issued a recommendation on the applications to the State Department's Deputy Assistant Secretary for Passport Services. After reviewing and considering the findings and recommendation, the Deputy Assistant Secretary granted the girls limited passport rights. Weighing whether to appeal the Deputy Assistant Secretary's decision, Ms. Yaman asked for the hearing officer's written findings and recommendation, but the State Department denied her request. Ms. Yaman then filed a complaint, seeking to compel the State Department to disclose the hearing officer's written report. The State Department has now moved to dismiss Ms. Yaman's complaint. For the reasons detailed below, the Court will grant the State Department's

motion to dismiss.[1]

## BACKGROUND

Between January 2003 and December 2004, Ms. Yaman lived in Turkey with her now ex-husband and two minor daughters, EY and KY. Compl. ¶ 12. Ms. Yaman grew suspicious that her husband was sexually abusing at least one of their daughters, and began divorce proceedings in Turkish Family Court. Compl. ¶ 12. In March 2006, the Turkish Family Court granted Mr. Yaman, a Turkish national, full custody of the two children. Compl. ¶ 13. Mr. Yaman did not exercise his custody rights, however, and EY and KY continued to live with their mother. Compl. ¶ 14. In August 2007, after Turkish courts denied Ms. Yaman's final appeal of the custody order, Ms. Yaman fled Turkey for an undisclosed European location with her two daughters. Compl. ¶ 15.

Mr. Yaman maintains physical possession of KY and EY's original U.S. passports, and refuses to provide them to Ms. Yaman. Compl. ¶ 16. He also refuses to consent to the issuance of new passports to the two girls. Compl. ¶ 16.

In May 2009, Ms. Yaman applied for U. S. passports for her daughters, and sought a waiver of the requirement that both parents must consent to the issuance of a child's passport. Compl. ¶¶ 17-18. The State Department denied the applications. Compl. ¶ 19. Ms. Yaman took an administrative appeal, Compl. ¶ 19, and the State Department held a hearing, over which a State Department hearing officer presided, Compl. ¶¶ 20-22. Following this hearing, the hearing officer prepared findings of fact and a recommendation on the girls' passport applications.

---

[1] Ms. Yaman has also moved for a preliminary injunction to compel the State Department to disclose the hearing officer's report. See Pl.'s Mot. for P.I. [Docket Entry 5], at 1. Because the Court grants the State Department's motion to dismiss, it need not reach Ms. Yaman's motion.

Compl. ¶ 23. He did not disclose the findings and recommendation to Ms. Yaman.

On March 15, 2010, the State Department's Deputy Assistant Secretary for Passport Services issued the Department's final decision on the girls' passport applications. Compl. ¶ 25. This decision partially reversed the Department's earlier denial of the girls' applications, and granted "no fee direct return limited validity passports to the United States for EY and KY." Compl. ¶ 26. To obtain these passports, Ms. Yaman was directed to appear in person at a U.S. Consulate by April 29, 2010. Compl. ¶ 27. The girls' passports would expire five days after they were picked up. Compl. ¶ 27. Ms. Yaman's daughters accepted the conditional passports, and are now living in the United States. Def.'s Mot. to Dismiss and Opp'n to Pl.'s Mot. ("Def.'s Mot.") [Docket Entry 10], Decl. of Brenda Sprague ¶ 6.

Following the Deputy Assistant Secretary's final decision, Ms. Yaman asked the State Department hearing officer to provide her with a copy of his findings and recommendation. Compl. ¶ 30. The Hearing Officer denied this request, as well as Ms. Yaman's motion for reconsideration. Compl. ¶¶ 31, 33. The Deputy Assistant Secretary also denied Ms. Yaman's request. Compl. ¶¶ 34-35. Ms. Yaman then filed this action, seeking to obtain a copy of the hearing officer's written findings and recommendation. Compl., Prayer ¶ a.[2]

## STANDARD OF REVIEW

All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

---

[2] The question whether the State Department properly granted the girls only restricted passports is not before this Court. It appears that Ms. Yaman may appeal that State Department decision by not later than May 14, 2010. See 28 U.S.C. § 2344 (final agency orders may be appealed within sixty days).

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555-56; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); accord Atherton v. Dist. of Columbia Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. This amounts to a "two-pronged approach" under which a court first identifies the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." Id. at 1950-51.

The notice pleading rules are not meant to impose a great burden on a plaintiff. See Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002). When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. See Leatherman v. Tarrant County Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); see also Erickson, 551 U.S. at 94 (citing Twombly, 550 U.S. at 555-56). The

plaintiff must be given every favorable inference that may be drawn from the allegations of fact. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor does the court accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949-50 (internal quotation marks omitted); see also Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 n.4 (D.C. Cir. 2008) (the court has "never accepted legal conclusions cast in the form of factual allegations").

Ms. Yaman's suit arises under the Administrative Procedures Act ("APA"). Under the APA, a court must "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), in excess of statutory authority, id. § 706(2)(C), or "without observance of procedures required by law," id. § 706(2)(D). A court must also "compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1). The court's scope of review, however, is narrow. See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). The court is to presume that the agency's action is valid. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415 (1971). And the "court is not to substitute its judgment for that of the agency." State Farm, 463 U.S. at 43.

## DISCUSSION

Before turning to the merits of this case, the Court must address two preliminary matters.

First, during briefing on the pending motions, Ms. Yaman's daughters accepted the State Department's conditional passports and are now living in the United States. Def.'s Mot. at 6-7. Accordingly, the State Department contends that this case is moot. Id. "For a case to become moot," however, "it must be 'impossible for the court to grant any effectual relief whatever.'" Cody v. Cox, 509 F.3d 606, 608 (D.C. Cir. 2007) (quoting Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)). Ms. Yaman's complaint asks the Court to require the State Department to "release to [her] the Findings of Fact and Recommendation of [the] Hearing Officer . . . in regards to the appeal of the initial denial of passport applications of EY and KY." Compl., Prayer ¶ a. Although EY and KY are now in the United States, and their passports have expired, there is no reason why the Court cannot grant the precise relief Ms. Yaman seeks. Accordingly, this case is not moot.

Second, the State Department suggests that Ms. Yaman lacks standing to bring suit on behalf of her minor children because she does not have custody over them. See Def.'s Mot. at 7. It cites Foretich v. Glamour, 741 F. Supp. 247, 249 (D.D.C. 1990), for the proposition that, under District of Columbia law, only a custodial parent may bring a "next friend" suit. See Def.'s Mot. at 7. But District of Columbia law does not apply here; federal law does. And under federal law, a party may bring suit on behalf of another if she has "a sufficiently concrete interest in the outcome of the issue in dispute," she is "a close relation to the third party," and there "exist[s] some hindrance to the third party's ability to protect his or her own interests." Power v. Ohio, 499 U.S. 400, 411 (1991) (internal quotation marks omitted). Ms. Yaman satisfies these requirements. Although she may not have formal custody over her girls, Ms. Yaman has a significant interest in proceedings related to her daughters' passport applications. Further, Ms.

Yaman is a close relation to her children, and her daughters, six and eight years old, are hindered from bringing suit on their own. Ms. Yaman therefore may sue on behalf of her children.

The Court accordingly turns to the merits of Ms. Yaman's suit. Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Where, as here, there is no statutory basis to review agency action, "[t]he form of proceeding for judicial review is . . . any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction." Id. § 703.

Ms. Yaman challenges the State Department's decision to withhold from her the hearing officer's findings of fact and recommendation. She concedes that "the relevant passport regulations are silent as to the transmission of the Findings to the parties." Pl.'s Mem. in Supp. of Mot. for P.I. ("Pl.'s Mem.") [Docket Entry 5], at 11. But Ms. Yaman correctly observes that, in making a final decision as to the two girls' passport applications, the Deputy Assistant Secretary "reviewed and considered . . . the Findings of Fact and Recommendation of the hearing officer." Pl.'s Mem., Decl. of Beth Boland, Ex. 1 ("State Dep't Final Decision"), 4; see also 22 C.F.R. § 51.74 (requiring the Deputy Assistant Secretary to review the hearing officer's findings of fact and recommendations). Ms. Yaman also notes that the hearing officer's findings of fact and recommendation may include various credibility determinations and evidentiary rulings. Pl.'s Mem. at 10. She thus argues that "the Findings are an important part of the administrative record" that must be turned over in order for Ms. Yaman to determine whether to appeal the State

Department's final decision as to the girls' passports. Id. at 9.[3]

The State Department responds that it need not disclose the hearing officer's findings and recommendation because they are protected under the deliberative process privilege.[4] The deliberative process privilege exempts from disclosure "'advisory opinions, recommendations, and deliberations that are part of a process by which governmental decisions and policies are formulated.'" Dep't of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8-9

---

[3] It is not clear that the APA supplies a cause of action for Ms. Yaman's suit. As relevant here, the APA permits courts to review "final agency action for which there is no other adequate remedy in a court," 5 U.S.C. § 704, and to compel "agency action unlawfully withheld or unreasonably delayed," id. § 706(1). The Court is skeptical that either of these provisions apply here. See Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004) (an agency unlawfully withholds action "only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take"); Bennett v. Spear, 520 U.S. 154, 177-78 (1997) (to be "final," an agency action must "mark the consummation of the agency's decisionmaking process," and it must either determine "rights or obligations" or occasion "legal consequences" (citations omitted)); Sharkey v. Quarantillo, 541 F.3d 75, 90 n.14 (2d Cir. 2008) (there is an adequate remedy in a court "when there are 'special and adequate review procedures' that permit an adequate substitute remedy" (quoting Bowen v. Massachusetts, 487 U.S. 879, 903 (1988))). Nonetheless, the State Department has not argued these points, and the Court will assume that the APA supplies a cause of action in this case.

[4] The State Department argues that the hearing officer's findings and recommendation are exempt from disclosure under the Freedom of Information Act's ("FOIA") deliberative process exemption. See Def.'s Mot. at 9-11. Indeed, the State Department contends that Ms. Yaman's suit should be dismissed because she must first pursue a claim under FOIA. Id. at 7-8. The Court need not resolve whether Ms. Yaman should have initially sought relief under FOIA, however. As detailed below, the Court finds that the hearing officer's findings and recommendation are properly withheld under the common law deliberative process privilege, which is coextensive with FOIA's deliberative process exemption. See Rockwell Int'l Corp. v. Dep't of Justice, 235 F.3d 598, 601 (D.C. Cir. 2001) ("Courts have construed [FOIA's deliberative process exemption] to encompass the protections traditionally afforded certain documents pursuant to evidentiary privileges in the civil discovery context, including materials which would be protected under the . . . executive deliberative process privilege." (internal quotation marks omitted)); Vaughn v. Rosen, 523 F.2d 1136, 1146 (D.C. Cir. 1975) ("We consider [FOIA's deliberative process exemption] as basically a codification of the common sense-common law privilege.").

(2001) (quoting Nat'l Labor Relations Bd. v. Sears, Roebuck & Co., 421 U.S. 132, 148 (1975)). Therefore, for a document to fall within this exception, it must be both pre-decisional and deliberative. Protecting such documents from disclosure "encourages frank discussion of policy matters, prevents premature disclosure of proposed policies, and avoids public confusion that may result from disclosure of rationales that were not ultimately grounds for agency action." Wolfson v. United States, 672 F. Supp. 2d 20, 29 (D.D.C. 2009).

But the deliberative process privilege does not apply to all pre-decisional documents created during the deliberative process. Rather, to be privileged, a document "must have been 'a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters. Put another way, pre-decisional materials are not exempt merely because they are pre-decisional; they must also be a part of the agency give-and-take of the deliberative process by which the decision itself is made.'" Cobell v. Norton, 213 F.R.D. 1, 5 (D.D.C. 2003) (quoting Vaughn, 523 F.2d at 1144). Therefore, in reviewing whether an agency properly withheld documents under the deliberative process privilege, the primary question is whether "disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." Formaldehyde Inst. v. Dep't of Health & Human Servs., 889 F.2d 1118, 1122 (D.C. Cir. 1989). It is the government's burden to establish that the privilege applies. See Vaughn, 523 F.2d at 1146.

The Court concludes that the hearing officer's findings and recommendation are

deliberative, and thus exempt from disclosure.[5] The hearing officer's report, submitted to the official directly in charge of the State Department's final passport decisions, is a "recommendation[]" that is "part of [the] process by which governmental decisions and policies are formulated." Klamath Water Users Protective Ass'n, 532 U.S. at 8-9; see Schlefer v. United States, 702 F.2d 233, 238 (D.C. Cir. 1983) ("Intra-agency memoranda from 'subordinate' to 'superior' on an agency ladder are likely to be more 'deliberative' in character than documents emanating from superior to subordinate."). And the report "expresses opinions on legal or policy matters," Vaughn, 523 F.2d at 1144, as it represents the hearing officer's conclusions as to whether there exist "compelling humanitarian circumstances where the minor's lack of a passport would jeopardize the health, safety, or welfare of the minor," 22 C.F.R. § 51.28(a)(5)(ii). Further, the document "reflect[s] the personal opinions of the writer rather than the policy of the agency," Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980), because the State Department's official policy is manifested only in the Deputy Assistant Secretary's final ruling, see In re Subpoena Duces Tecum, 156 F.3d 1279, 1279 (D.C. Cir. 1998). Given its deliberative nature, then, requiring public disclosure of this document will no doubt "expose [the State Department's] decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." Formaldehyde Inst., 889 F.2d at 1122 (D.C. Cir. 1989).

  Ms. Yaman makes two primary arguments for why the deliberative process privilege should not apply in this case. First, she notes that the privilege is inapplicable where "an agency

---

[5] Ms. Yaman concedes that the findings of fact and recommendation are "pre-decisional." Pl.'s Reply in Supp. of Mot. ("Pl.'s Reply") [Docket Entry 12], at 11.

chooses expressly to adopt or incorporate by reference" otherwise privileged material. Sears, Roebuck & Co., 421 U.S. at 161. But here, the Deputy Assistant Secretary merely "reviewed and considered" the hearing officer's findings of fact and recommendation. See State Dep't Final Decision at 4. Her final decision gives no indication that she adopted any of the hearing officer's findings or recommendations. Indeed, except for a brief acknowledgment that she "reviewed and considered" the document, the Deputy Assistant Secretary never discusses the hearing officer's report in her final decision. See id. at 1-4.

Second, Ms. Yaman contends that the hearing officer "is the independent and final authority over the critical evidentiary issues and . . . such rulings are not subject to comment or deliberation." Pl.'s Reply at 12. Thus, she posits, those rulings are necessarily not deliberative. See id. But whatever evidentiary rulings the hearing officer may have made, they were not adopted in the agency's final decision. Hence, they are merely part of the process by which the hearing officer arrived at his pre-decisional recommendation. Put another way, if Ms. Yaman appeals the Deputy Assistant Secretary's decision concerning her daughter's passports, a court will review only the Deputy Assistant Secretary's final decision, and not the hearing officer's report. See In re Subpoena Duces Tecum, 156 F.3d at 1279.[6] The Court concludes, therefore,

---

[6] The Court declines to follow Williams v. City of Boston, 213 F.R.D. 99 (D. Mass. 2003), cited by Ms. Yaman, which found that findings of fact and recommendations by police disciplinary hearing officers were not exempt from disclosure. That court held that the hearing officers' reports were not deliberative because they were "the final decision of the hearing officer who, presumably, would stand by his or her decision." Id. at 101. And they were not "'advisory' or 'draft' opinion[s] in the sense that [they are] subject to further rewriting or rethinking before [they are] issued." Id. at 101-02. Williams is unpersuasive, however, as its logic would eviscerate the deliberative process privilege: nearly all agency documents sent by a subordinate to a superior during the deliberative process are the "final decision" of the employee who writes them, and are not "subject to further rewriting or rethinking" before they are distributed within the agency for consideration in the decisionmaking process.

that the hearing officer's findings of fact and recommendation are exempt from disclosure under the common law deliberative process privilege.

Nevertheless, "[t]he deliberative process privilege is a qualified privilege and can be overcome by a sufficient showing of need." In re Sealed Case, 121 F.3d 729, 737 (D.C. Cir. 1997). "Accordingly, once the elements of the privilege have been met, the burden shifts to the party opposing the privilege to establish that its need for the information outweighs the interest of the government in preventing disclosure of the information." Cobell, 213 F.R.D. at 5. To evaluate whether a plaintiff's need overcomes the privilege, "the district court must undertake a fresh balancing of the competing interests, taking into account factors such as the relevance of the evidence, the availability of other evidence, the seriousness of the litigation, the role of the government, and the possibility of future timidity by government employees." In re Sealed Case, 121 F.3d at 737-38 (internal quotation marks omitted).

Ms. Yaman briefly argues that, even if the deliberative process privilege applies, her need for the documents outweighs any government interest in secrecy. See Pl.'s Reply at 15-16. The Court disagrees. Ms. Yaman seeks the hearing officer's findings of fact and recommendation in order to determine whether to appeal the State Department's final decision. But she is only slightly constrained in that assessment. It is the agency's final decision -- and only that final decision -- that will be reviewed on appeal. Thus, the hearing officer's report offers only limited value in determining whether to take an appeal. On the other hand, this case is tinged with foreign policy implications. See State Dep't Final Decision at 3 ("[T]he Department does not intend to resolve this matter in such a way that would permit Ms. Yaman to continue to evade Turkish legal authorities or deprive Mr. Yaman of his right to file a petition for return of the

children to Turkey under the Hague Abduction Convention."). And the State Department has a substantial interest in maintaining the confidentiality of deliberative documents that do not reflect the Department's official foreign policy.[7]

Accordingly, it is hereby

**ORDERED** that [14] Ms. Yaman's motion for leave to file a sur-reply is **GRANTED**, and the Clerk of Court shall docket the proposed sur-reply; it is further

**ORDERED** that [5] Ms. Yaman's motion for a preliminary injunction is **DENIED**; and it is further

**ORDERED** that [10] the State Department's motion to dismiss is **GRANTED**, and this case is hereby **DISMISSED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: May 5, 2010

---

[7] The Court need not reach the State Department's argument, raised for the first time in its reply brief, that this case should be dismissed because Mr. Yaman is an indispensable party to this litigation. See Def.'s Reply in Supp. of Mot. [Docket Entry 13], at 8.